Rachel E. Kaufman, CA Bar No. 259353
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorney for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TOBY HOY,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**KOLOR MARKETING INC.,**<br><br>*Defendant.* | Case No. '21CV956 L   JLB<br><br>**COMPLAINT – CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Toby Hoy (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a

1

Case No.

constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2.  This case involves a campaign by Kolor Marketing Inc. to market its goods and services through the use of a telemarketing campaign despite not having the requisite consent to contact those individuals who, like the Plaintiff, were listed on the National Do Not Call Registry.

3.  Because telemarketing campaigns use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

4.  A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

5.  Plaintiff Toby Hoy is an individual citizen and resident of Iowa.

6.  Defendant Kolor Marketing is a California corporation located in this District.

2

Case No.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8. This Court has personal specific jurisdiction over Kolor Marketing because it makes telemarketing calls from this District, just as it did with the Plaintiff.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this District.

## TCPA BACKGROUND

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

11. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

3

Case No.

12. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

15. Defendant Kolor Marketing is a "person" as the term is defined by 47 U.S.C. § 153(39).

16. At no point has the Plaintiff sought out or solicited information regarding Defendant Kolor Marketing's goods and services prior to receiving the telemarketing calls at issue.

Calls to Plaintiff

17. Plaintiff Hoy's telephone number, 515-XXX-0280, is a residential telephone line.

4

Case No.

18. It is not associated with a business and is used by Mr. Hoy only.

19. The telephone number has been on the National Do Not Call Registry since January 22, 2021.

20. Plaintiff Hoy received a telemarketing call from Kolor on March 16, 2021.

21. The caller claimed that they were offering him services associated with Medicare insurance.

22. Plaintiff Hoy told them he was not interested.

23. However, the calling conduct continued and Mr. Hoy was called again on March 17 and 19, 2021.

24. Mr. Hoy then wrote to Kolor Marketing regarding their permission to contact him.

25. Kolor Marketing did not claim to have Mr. Hoy's permission.

26. Other individuals have complained about getting telemarketing calls from Kolor Marketing:

> I get various calls from local numbers from this company. I hear the same exact recording if I call them back. It is introduced as telemarketing from "Kolor Marketing, LLC" trying to sell Medicare Advantage plans telling you to press 1 to speak with someone. It is never the same # twice - so blocking is a waste of time.
>
> I get 3-5 calls each day from different 858 #'s - all referring back to this same company. I hear the same exact recording if I call them back from a blocked number. I never answer the calls and they do not leave a message. It is telemarketing from "Kolor Marketing, LLC" trying to

5

Case No.

sell Medicare Advantage plans telling you to press 1 to speak with someone - or to go to "quotequtoequotequote.com" or different similar domains for more information. I am not of Medicare age. It is never the same # twice - so blocking is futile.

*See* https://www.callercenter.com/833-587-8683.html (Last Visited May 5, 2021).

27. The calls received by Plaintiff were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as they seek to have him sign up for Kolor Marketing's offering of Medicare supplemental insurance services.

28. This was confirmed by the fact that, during the calls, Kolor Marketing Medicare supplemental insurance services were promoted.

29. These calls therefore qualified as telemarketing. 47 C.F.R. § 64.1200(f)(12).

30. Plaintiff and all members of the class defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance. The calls also occupied Plaintiff's telephone line from legitimate communication.

## CLASS ACTION ALLEGATIONS

31. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

32. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

6

Case No.

33. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **National Do Not Call Registry Class**: All persons in the United States whose, (1) telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

34. The Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

35. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy.

36. This Class Action Complaint seeks injunctive relief and money damages.

37. The Class as defined above are identifiable through dialer records, other phone records, and phone number databases.

38. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in the Class.

39. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim.

40. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

41. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the claims predominate over questions which may affect individual class members because of the uniformity of the telemarketing conduct.

42. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) whether multiple telemarketing telephone calls were made promoting the goods or services to members of the National Do Not Call Registry Class;

    (b) whether the telemarketing calls at issue were made to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

    (c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

43. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

44. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or their agents.

45. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq. and 47 C.F.R. §§ 64.1200(c))**
**on behalf of the National Do Not Call Registry Class**

46. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

Case No.

47. Defendant violated the TCPA and the Regulations by making, or having their agent make, two or more telemarketing calls within a 12-month period on Defendant's behalf to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

48. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

49. Plaintiff and Class Members are entitled to an award of treble damages if their actions are found to have been knowing or willful.

50. Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

Injunctive relief prohibiting Defendant from making telephone calls advertising their goods or services, except for emergency purposes, to any number

Case No.

on the National Do Not Call Registry in the future;

As a result of Defendant's negligent, willful and/or knowing violations of 47 C.F.R. § 64.1200(c), Plaintiff seek for himself and each member of the Class up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Toby Hoy, by his attorney,

Dated: May 19, 2021

/s/ Rachel E. Kaufman
Rachel E. Kaufman
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Class*

11

Case No.